IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELY EDDI<br><br>                               Plaintiff,<br>against<br><br>ELLIOT ANTEBI, an individual, RACHEL ANTEBI F/K/A SUTTON, an individual, ELLEMARK MANAGEMENT LLC, an Ohio Limited Liability Company, 169-171 BH LLC, a Delaware Limited Liability Company, DOWNTOWN NS, LLC, a Delaware Limited Liability Company, SOMI RETAIL BH LLC, a Florida Limited Liability Company, S MIAMI RETAIL BH LLC, a Florida Limited Liability Company, DOWNTOWN BH LLC, a Delaware Limited Liability Company, 262 BH LLC, a Delaware Limited Liability Company, and John Does 1-10 (Fictitious) and ABC Entities 1-10 (Fictitious),<br>                               Defendants. | Civil Action No:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ely Eddi ("**Plaintiff**"), by and through its counsel Offit Kurman, P.A., for its complaint against Defendants Elliot Antebi, Rachel Antebi f/k/a Sutton, Ellemark LLC, an Ohio limited liability company, 169-171 BH LLC, a Delaware limited liability company, and Downtown NS LLC, a Delaware limited liability company, SOMI Retail BH LLC, a Florida limited liability company, S Miami Retail BH LLC, a Florida limited liability company, DOWNTOWN BH LLC, a Delaware Limited Liability Company, 262 BH LLC, a Delaware Limited Liability Company, John Does 1-10 (Fictitious) and ABC Entities 1-10 (Fictitious) (each a "**Defendant**" and collectively "**Defendants**") alleging fraud, minority shareholder oppression, breach of fiduciary duty, breach of contract, theft, conversion, to force an accounting, for the recovery of fraudulent transfers, and unjust enrichment, states as follows:

1

## NATURE OF ACTION

1.  This action arises from Defendant Elliot Antebi's misrepresentations, mismanagement, and unfair treatment (both individually and through his company, Ellemark LLC) of his partner, Plaintiff, during their joint ventures and other business activities as well as the breaches of the agreements and promises made by Elliot Antebi and Rachel Antebi f/k/a Sutton to repay certain loans and other indebtedness which Plaintiff tendered and/or collateralized.

## PARTIES

2.  Plaintiff is an individual domiciled in the State of New Jersey.

3.  Defendants Elliot Antebi and Rachel Antebi f/k/a Sutton (the "**Individual Defendants**") are married individuals domiciled in the State of New York.

4.  Upon information and belief, Defendant Ellemark Mgmt LLC is an Ohio limited liability company solely owned and operated by Elliot Antebi.

5.  Upon information and belief, Defendants 169-171 BH LLC, Downtown NS LLC, Downtown BH LLC, 262 BH LLC are all Delaware limited liability companies and SOMI Retail BH LLC and S Miami Retail BH LLC are Florida limited liability companies (collectively the "**LLC Defendants**"). None of the companies are governed by a written operating agreement.

6.  Plaintiff, Elliot Antebi and Rachel Antebi f/k/a Sutton are each members of 169-171 BH LLC. Plaintiff and Elliot Antebi are each members of Downtown NS LLC, Downtown BH LLC, 262 BH LLC, and SOMI Retail BH LLC. SOMI Retail BH LLC is a member of S Miami Retail BH LLC.

**JURISDICTION AND VENUE**

7. Subject matter jurisdiction is proper in this Court, pursuant to 28 U.S.C. §1332(a), because Plaintiff is not a citizen of the same state as any Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Personal jurisdiction is proper in this Court with respect to Defendants because the Individual Defendants reside in New York from which they managed all affairs of Ellemark LLC and the LLC Defendants.

9. Venue is proper in this District, pursuant 28 U.S.C. §1391(c), because the Defendants are subject to personal jurisdiction in this District.

**COUNT I**
**APPLICATION TO DETERMINE THE VALIDITY OF**
**ELLIOT ANTEBI'S RIGHT TO MANAGE THE COMPANIES**
**(Against Elliot Antebi and the LLC Defendants)**

10. 169-171 BH LLC, Downtown NS LLC, Downtown BH LLC, 262 BH LLC were all formed in the State of Delaware and are thus governed by Delaware's Limited Liability Act (the "**Delaware Act**"), 6 *Del. C.* § 18-101 *et seq*. SOMI Retail BH LLC and S Miami Retail BH LLC were formed in the State of Florida and are thus governed by Florida's Revised Limited Liability Act (the "**Florida Act**" and collectively with the Delaware Act as the "**Acts**"), F.S.A. §605.0101 *et seq*.

11. Plaintiff was a founding member of each LLC Defendant.

12. There are no operating agreements for any of the LLC Defendants.

13. Pursuant to the Acts, absent an operating agreement, the management of the company is vested in its members, unless a manager is appointed by vote or in writing, see, 6 *Del. C.* § 18-402 & *F.S.A.* §§ 605.0407 and 605.04073, or unless the authority to take a particular action is delegated. See, 6 *Del. C.* § 18-407 & *F.S.A.* § 605.04071.

3

14. Despite the complete absence of any action by the members of the LLCs appointing Antebi as Managing Member or delegating relevant authority to him under the Acts, Antebi has illegally exercised control over the LLCs.

15. No meeting was held, and no vote was taken, in connection with the appointment of any manager or managing member, or the delegation to Elliot Antebi of any power or right to act which would comport with the Acts. See, 6 *Del. C.* § 18-407 & *F.S.A.* § 605.04071.

16. No resolutions were executed by Plaintiff, or upon information and belief the other members, authorizing Elliot Antebi to engage Ellemark LLC (a company which he controls and for which he is the principal member) and that Elliot Antebi engaged to act as property manager for the LLC Defendants' properties.

17. No resolutions were executed by Plaintiff, or upon information and belief the other members, authorizing Elliot Antebi to hypothecate, lien, or pledge any asset of the LLC Defendants.

18. No resolutions were executed by Plaintiff, or upon information and belief the other members, authorizing Elliot Antebi to enter into any contract on behalf of any of the LLC Defendants.

19. No resolutions were executed by Plaintiff, or upon information and belief the other members, authorizing Elliot Antebi to sell, transfer, or otherwise dispose of any asset of the LLC Defendants.

20. No company formalities were observed by Elliot Antebi in connection with his de facto management of the LLC Defendants.

21. Notwithstanding the foregoing, Elliot Antebi has been making all of the decisions for each LLC Defendant without disclosure to, regard for, or consent from his fellow members, and in doing so engaged in self-dealing and, without utilizing proper business judgment, substantially mismanaged and damaged the company and the other members.

22. By way of example but not limitation, Elliot Antebi (a) overleveraged company assets, and omitted that he was receiving a six-figure finder's fee to do so, (b) made unauthorized and unmatched disbursements to himself and entities in which he had an undisclosed personal interest, (c) refused to make capital calls of the members, forcing Plaintiff to absorb a disproportionate share of the company's losses, (d) refused to provide accountings, loan agreements, bank account statements, existing contracts, transaction documents, or other documents which would permit Plaintiff to determine the extent of Elliot Antebi's mismanagement of the LLC Defendants, (e) misrepresented his percentage-ownership interests in the LLC Defendants, (f) failed to pay for construction-related services, allowing the debts to become liens on the property, and (g) failed to attend to the maintenance of the assets of the LLC Defendants resulting, in at least one instance, on the issuance by the relevant authorities of a "Notice of Unsafe Structure Violation" (the "**Mismanagement**").

23. Pursuant to the Acts, Plaintiff makes application to the Court to "hear and determine the validity of any admission, election, appointment, removal or resignation of a manager of a limited liability company." See, *6 Del. C. § 18-110.*

**COUNT II**
**DEMAND FOR ACCOUNTING**
**(Against Elliot Antebi, SOMI Retail BH LLC, S Miami Retail BH**
**LLC, and Ellemark LLC)**

24. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

25. Upon information and belief, Elliot Antebi engaged defendant Ellemark LLC to manage the assets belonging to the LLC Defendants. None of the LLC Defendants maintain any written or other agreement with Ellemark LLC authorizing it to manage any asset or the affairs of any LLC Defendant.

26. Upon information and belief, Ellemark LLC is a limited liability company which is owned and controlled by Elliot Antebi. See, https://www.pincusco.com/elliot-antebis-ellemark-management-pays-14m-to-semmes-brightmans-mib-real-estate-enterprises-for-residential-property-in-east-village/; see also, *Shoregate Towers Partners L.L.C. v. Antebi et al,*, 2021 WL 3416980, *3 (Ohio. Ct. App. Aug. 5, 2021) ("Ellemark was Elliott's property management company."). Thus, there can be no question that he is responsible for any mismanagement of the companies' assets and damages resulting from his own self-dealing.

27. Mr. Antebi's attorney, Denise Ben-David, Esq., who was involved in the sale of assets of one or more LLC Defendant in mid-2022, was as of November 2023, completely unaware that Mr. Antebi was an owner of Ellemark, believing instead that it was merely an unrelated management company for the property owned by one or more LLC Defendants.

28. During Elliot Antebi's (and Ellemark's) de facto management of the assets of the LLC Defendants, the companies' losses doubled year after year without explanation.

6

29. Rents were never enough to cover the losses, with Plaintiff being asked to disproportionately absorb said losses year after year.

30. Plaintiff has made unreturned loans and capital contributions to the LLC Defendants at the demand of Elliot Antebi; however, upon information and belief, matching contributions were neither sought by, nor made by, Elliot Antebi. Plaintiff's requests for repayment of his unmatched loans and for matching capital calls have been ignored and/or rejected.

31. Without disclosing to, consulting with, or regard to the interests of his fellow members, and while simultaneously requiring Plaintiff to make unmatched loans and capital contributions, Elliot Antebi leveraged the property belonging to the LLC Defendants with several high-interest loans (rather than act upon Plaintiff's request for matching capital contributions).

32. Plaintiff has no access to the bank accounts of the LLC Defendants, and only limited information as to the (a) transactions that Elliot Antebi engaged in related to the assets of the LLC Defendants, or (b) the disbursements that Elliot Antebi and the other members have taken, or perhaps incorrectly classified as expenses, when in actuality they are private disbursements.

33. Upon information and belief, Elliot Antebi has disposed of assets belonging to the LLC Defendants after notice from Plaintiff demanding that he refrain from doing so and expressing that Elliot Antebi had no authorization to do so. Plaintiff has no transaction information or documents which would allow Plaintiff to ascertain the terms under which said assets were disposed of, any proceeds derived therefrom, or any disbursements made of those proceeds.

34. On at least one occasion previously, Elliot Antebi sold an asset belonging to the LLC Defendants in connection with which he received a loan from Plaintiff, but neither at the time of the sale nor anytime thereafter returned the loan principal or accrued interest to Plaintiff. Elliot Antebi must be compelled to identify all disbursements that he made related to the sale of any asset belonging to the LLC Defendants.

35. As a member of the LLC Defendant LLCs, Plaintiff has the right to inspect the books and records maintained by the LLC Defendants in good faith for the purposes of auditing and investigating Elliot Antebi's conduct in regard to managing the LLC Defendants' assets, especially where Antebi has been doing so without keeping Plaintiff apprised of his activities.

36. To the extent that Elliot Antebi misrepresented to any non-party, in the course of any transaction related to the disposition of any LLC Defendants' assets, that he had Plaintiff's consent to do said transaction, Plaintiff makes clear that he has no authority to so act and any representation otherwise, is a clear misrepresentation.

37. Pursuant to the Acts, Plaintiff makes application to the Court seeking to inspect books and records of SOMI Retail BH LLC and S Miami Retail BH LLC, and in addition, the books and records in the possession of Ellemark LLC or Elliot Antebi relating to the management and operation of the LLC Defendants. See, *F.S.A. §§ 605.04091(2)(a) and 605.0410.*

## COUNT III
## DEMAND FOR MATCHING CAPITAL CONTRIBUTION AND DISBURSEMENTS TO PLAINTIFF
### (Against Elliot Antebi and the LLC Defendants)

38. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

8

39. Pursuant to 6 *Del. C.* § 18-503, absent an operating agreement specifying otherwise, "profits and losses shall be allocated on the basis of the agreed value (as stated in the records of the limited liability company) of the contributions made by each member to the extent they have been received by the limited liability company and have not been returned." See also, *F.S.A.* § 605.0404(5).

40. Pursuant to 6 *Del. C.* § 18-504, "Distributions of cash or other assets of a limited liability company … shall be made on the basis of the agreed value (as stated in the records of the limited liability company) of the contributions made by each member to the extent they have been received by the limited liability company and have not been returned." See also, F.S.A. § 605.0404(1).

41. Pursuant to the Acts, Plaintiff makes application to the Court for an Order compelling any and all distributions from the LLC Defendants to be paid first to Plaintiff, to reflect that the other members of the LLC Defendants have failed to match Plaintiff's contributions, so that Plaintiff is not required to continue to unilaterally support the LLC Defendants.

**COUNT IV**
**BREACH OF FIDUCIARY DUTY**
**(Against Elliot Antebi)**

42. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

43. Elliot Antebi, as a member of the LLC Defendants, by taking it upon himself without observing company formalities or obtaining a vote or consent of his fellow members when unilaterally making (at times self-interested) decisions for the company, owes strict fiduciary duties to act in good faith and with fair dealing, with loyalty, and with

9

transparency to Plaintiff and the other members of the LLC Defendants. Further, by stepping into the role of the "de facto" manager of the LLC Defendants, Elliot Antebi took it upon himself to be responsible for the management of the LLC Defendants and their assets and thereby owed a fiduciary duty of loyalty to Plaintiff and the other members of the LLC Defendants in connection therewith.

44. By his conduct as aforesaid, and by excluding Plaintiff without cause from all decision-making related to the LLC Defendant's assets, Elliot Antebi has breached his fiduciary duty to Plaintiff resulting in substantial damages to Plaintiff for which it is entitled to be compensated.

## COUNT V
## BREACH OF CONTRACT
## (Against Elliot Antebi and Rachel Antebi f/k/a Sutton)

45. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

46. By way of example, without limitation, Elliot Antebi and Rachel Antebi f/k/a Sutton obtained certain personal loans from Plaintiff in connection with their home at Pine Tree Drive in Miami Beach, Florida based on their promise to repay it at the time that the Property was sold. That property was sold; however, Elliot Antebi and Rachel Antebi f/k/a Sutton failed to pay any of the principal and interest related thereto. By and through their failure to repay the loan proceeds and interest at the time that the Pine Tree Drive property was sold, Elliot Antebi and Rachel Antebi f/k/a Sutton have breached their agreement with Plaintiff, resulting in substantial damages.

47. By way of further example, without limitation, at the request of Elliot Antebi and Rachel Antebi f/k/a Sutton, on or about October 26, 2021, Plaintiff pledged and

10

collateralized certain valuable personal property in order to secure a loan made by non-parties directly to Rachel Antebi f/k/a Sutton (the "**Collateral**").

48. Under the terms of the contract under which the Collateral was pledged and collateralized, the Collateral may be recovered by Plaintiff if Rachel Antebi f/k/a Sutton returns the Proceeds by a set deadline. There is a fee assessed to Plaintiff to preserve his rights in the Collateral and extend the deadline to reclaim it, and eventually, the Collateral will be forfeited if left unpaid by Rachel Antebi f/k/a Sutton.

49. Elliot Antebi and Rachel Antebi f/k/a Sutton committed to repaying the Proceeds prior to the initial deadline, but have failed to do so, constituting a breach of that agreement.

50. As a direct and proximate result of said breach, Plaintiff has suffered substantial damages for which he is entitled to be compensated.

## COUNT VI
## BREACH OF GOOD FAITH AND FAIR DEALING
### (Against Elliot Antebi and Rachel Antebi f/k/a Sutton)

51. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

52. By their conduct as aforesaid, Individual Defendants have violated the implied covenant of good faith and fair dealing in connection with parties' business and personal ventures.

53. As a direct and proximate result of Individual Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered substantial damages for which they are entitled to be compensated.

## COUNT VII
## CONVERSION
### (Against Elliot Antebi and Rachel Antebi f/k/a Sutton and Ellemark LLC)

54. Plaintiff repeats and alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

55. By failing to return the Proceeds, Elliot Antebi and Rachel Antebi f/k/a Sutton continue to deprive Plaintiff of the return of the Collateral that he collateralized for their benefit.

56. As a direct and proximate result of the Individual Defendant's conversion of Plaintiff's property in this regard, Plaintiff has suffered significant damages for which it is entitled to be compensated.

57. As for a separate cause of action hereunder, Elliot Antebi, utilizing his company, Ellemark LLC, diverted Plaintiff's capital contributions and loan proceeds from the LLC Defendants in order to show Ellemark's fiscal solvency and for personal benefits unrelated to the LLC Defendants.

## COUNT VIII
## PROMISSORY ESTOPPEL
### (Against Elliot Antebi and Rachel Antebi f/k/a Sutton)

58. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

59. Elliot Antebi, made specific representations and promises to Plaintiff, and omitted material information, with regard to the business operations of the LLC Defendants as described above with the reasonable expectation that Plaintiff would rely on such representations and promises.

60. Plaintiff reasonably relied on Elliot Antebi's specific representations and promises.

61. As a result of Plaintiff's reasonable and detrimental reliance on the Individual Defendants' specific representations and promises, Plaintiff has suffered substantial damages for which he is entitled to be compensated.

### COUNT IX
### UNJUST ENRICHMENT
### (Elliot Antebi and Rachel Antebi f/k/a Sutton and Ellemark LLC)

62. Plaintiff repeats and alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

63. By its conduct as aforesaid, Elliot Antebi and the LLC Defendants have been unjustly enriched.

64. As a result of this unjust enrichment by Defendant, Plaintiff has suffered substantial damages for which it is entitled to be compensated.

### COUNT X
### FRAUD
### (Against Elliot Antebi and Ellemark LLC)

65. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

66. Elliot Antebi's actions, as described above, including, but not limited to, his concealment of his activities in Mismanaging the LLC Defendants and the records belonging thereto which would demonstrate said concealment and the material omissions and misrepresentations made in connection therewith, constitutes fraud.

67. Further, Elliot Antebi misrepresented the parties' respective contributions and thereby the parties' respective interests in the LLC Defendants, and utilized the

contributions which were disproportionately made by Plaintiff for his own personal gain, and thereafter Elliot Antebi asked the LLC Defendants' accountants to alter the tax returns for the past 4 years to reverse the parties' membership interests such that Plaintiff will have to absorb a disproportionate share of the losses of the LLC Defendants.

68. As a result of the aforesaid fraudulent conduct, Plaintiff has suffered substantial damages for which they are entitled to be compensated.

## COUNT XI
## NEGLIGENCE
## (Against Elliot Antebi and Rachel Antebi f/ka Sutton)

69. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

70. The Individual Defendants have a duty to Plaintiff.

71. By their negligent conduct as aforesaid, the Individual Defendants have breached that duty, directly and proximately resulting in substantial damages to Plaintiff.

## COUNT XII
## GROSS NEGLIGENCE
## (Against Elliot Antebi and Rachel Antebi f/ka Sutton)

72. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

73. The Individual Defendants have a duty to Plaintiff.

74. By their grossly negligent conduct as aforesaid, the Individual Defendants have breached that duty, directly and proximately resulting in substantial damages to Plaintiff.

### COUNT XIII
### TO RECOVER FRAUDULENT TRANSFERS
### (All Defendants)

75. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

76. Given that all of LLC Defendants assets were leveraged and subject to priority liens by their asset-based lenders, any monies transferred out of the LLC Defendants by Elliot Antebi without contemporaneous value were made while the LLC Defendants were insolvent with the belief that they could not pay their debts as they became due and payable in the ordinary course and/or with the actual intent to hinder, delay, and defraud their creditors, including Plaintiff, constituting fraudulent transfers under the Delaware Uniform Fraudulent Transfer Act (the "**Fraudulent Transfers**").

77. The Fraudulent Transfers consist of transfers made by and between (a) the LLC Defendants, amongst themselves, (b) the LLC Defendants, on the one hand, and the Individual Defendants, on the other hand, and (c) by and between the Individual Defendants, amongst themselves, as well as those transfers made by these Defendants, and/or any of the Fictitious Parties, for which fair renumeration was not provided. Plaintiff's due diligence and investigations remain ongoing and Plaintiff may seek to amend these and other allegations set forth herein based on the results on said investigations.

### COUNT XIV
### ACCOUNT STATED
### (Elliot Antebi and Rachel Antebi f/k/a Sutton)

78. The parties have an established relationship and course of dealing insofar as Plaintiff has made personal loans to the Individual Defendants, and otherwise collateralized

15

their debt based on their promises to repay said debt. The Individuals made partial payments on the balance thereof but there remains due a substantial balance which continues to accrue as of the date that this Action has been commenced.

79. The Individual Defendants have promised Plaintiff that they would repay the outstanding indebtedness. The Individual Defendants also made this representation to numerous persons who are non-parties to this lawsuit with the intention that said non-parties attempt to assuage Plaintiff; however, payment has not been forthcoming, requiring Plaintiff to initiate this Action.

80. Plaintiff has been damaged as a result of the Individual Defendants' failure to pay the outstanding balance due.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff as follows:

- A. A determination that Elliot Antebi has no authority to act as the manager of any LLC Defendant and to remove him as a manager in favor of the management of the LLC Defendants by the members;

- *B.* An Order requiring Elliot Antebi and Ellemark LLC to produce for inspection all company books and records (including but not limited to bank account statements, loan agreements, repayment and amortization schedules, asset and liability statements, general ledgers, transaction and transfer documents, and all other documents and records belonging to SOMI Retail BH LLC and S Miami Retail BH LLC and in addition, the same books and records within the possession of Ellemark LLC and Elliot Antebi relating to the management and operation of the LLC Defendants

- C. An Order compelling the LLC Defendants to call for matching capital contributions so that Plaintiff is not required to continue to unilaterally support the LLC Defendants without matching contributions from his fellow members.

- D. Compensatory damages and general damages in a amount that will conform to the proof at time of trial;

- E. Consequential Damages

  F. Punitive or exemplary damages according to proof;

  G. Restitution, disgorgement of profits, and other equitable relief;

  H. Attorneys' Fees

  I. Costs of suit incurred herein

  J. Pre-judgment interest as provided by law; and

  K. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all the triable issues.

        **OFFIT KURMAN, P.A.**
        Attorneys for Plaintiff

Date: January 24, 2024   By: */s/Barry S. Crane, Esq.*
           Barry S. Crane, Esq.
           **Offit Kurman, P.A.**
           590 Madison Avenue, 6th Floor
           New York, NY 10022
           T: 973-245-9904
           Email: Barry.Crane@Offitkurman.com