IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELY EDDI, | Civil Action No: 1:24-cv-00520-JPC |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |
| v. | |
| ELLIOT ANTEBI, RACHEL ANTEBI F/K/A SUTTON, AND ELLEMARK MANAGEMENT LLC, | |
| Defendants. | |

### Memorandum of Law in Support of Plaintiff's Motion For Leave to Amend Its First Amended Complaint

Plaintiff Ely Eddi seeks leave to amend its First Amended Complaint (Doc. 31) with its proposed Second Amended Complaint (Doc. 43) pursuant to Fed. R. Civ. P 15(a)(2). Plaintiff submitted its proposed amendment within five (5) months of filing this action. The proposed amendment adds significant details concerning the claims and causes of action. No new parties are added. The litigation is at its earliest stage. No responsive pleading has been filed. No discovery has been taken. Under all these circumstances, Fed. R. Civ. P. 15 (a) counsels that "leave to amend shall be freely given".

### Procedural History

Plaintiff filed its Complaint on January 25, 2024 (Doc. 20). Plaintiff's First Amended Complaint was filed February 19, 2024 (Doc. 31). Defendant Ellemark responded with a request for a pre-motion conference in anticipation of a motion to dismiss on March 13, 2024 (Doc. 35). Plaintiff took seriously Defendant's comments. In response and recognizing that Defendant was

1

unlikely to consent to further amendments, Plaintiff set forth a detailed recitation of the facts, and identified and alleged various causes of action in the Proposed Second Amended Complaint, (Doc. 43).

On May 3, 2024, Defendant Ellemark sent a letter to the Court declining to consent to the filing of the Second Amended Complaint (Doc. 45). Plaintiff complied with the Court's directive (Doc. 46) and filed a pre-motion letter on May 15, 2024 (Doc. 48). On May 22, 2024, the Court granted leave to file a motion to amend (Doc. 50).

## Pertinent Facts

The Second Amended Complaint ("SAC") sets forth in greater detail the facts underlying the claims asserted. For example, the SAC discusses that Plaintiff became a member of six separate limited liability companies with Defendant Antebi. Plaintiff alleges mismanagement, self-dealing, breach of fiduciary duty, breach of contract and fraud with regard to all of them. For each of the companies, the SAC details formation, ownership and (mis)management, and elaborates on the wrongful acts alleged. The facts relevant to the claims are provided in significant detail (Doc. 43, ¶¶ 8-152).

By way of example, the SAC describes in connection with the first of the six companies, misreporting contribution and percentage interests on Tax Returns and K-1s, (Doc.43 at ¶¶ 38-39); failure to provide company information despite promises to produce it (*Id.* at ¶¶39-40); instructing company accountants to alter retroactively the Company's tax returns (*Id*. at ¶42). The SAC alleges (with details) that Defendants Antebi and Ellemark caused high interest predatory loans on property causing shortfalls which needed to be covered by Plaintiff (and not matched by Defendants). The SAC provides pertinent information related to all six companies.

The SAC describes additional facts concerning: 1) a breached agreement between Plaintiff and the individual Defendants for a summer home rental in Long Branch, New Jersey; 2) Defendants' fraudulent inducement to Plaintiff to invest funds (including the unpaid rental fee) and provide collateral for a separate real estate transaction in Miami. The SAC describes how Plaintiff was induced and thereafter, how Defendants ignored their promises and representations and took the proceeds.

In its May 3, 2024 letter to the Court declining to consent to the filing of the Second Amended Complaint) Defendant Ellemark assets without factual backup that the proposed amendment "would be futile". Defendant further recites – again without backup -- that "Plaintiff now asserts six separate causes of action [alleging fraud], not a single one of which meets the most basic standard for a cognizable fraud pleading" (Doc. 45 at 1). Plaintiff disagrees and submits that this SAC is a detailed and sufficient road map for the claims alleged. Given that the burden is on Defendants to show that permitting the SAC would be futile, we do not address the merits here. The 405 paragraph, 61-page SAC provides much more detail than required for notice pleading. If Defendants argue futility, Plaintiff will respond appropriately.

### Argument

While district courts have broad discretion to grant or deny motions to amend, *see McCarthy v. Dun & Broadstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007), the Rule 15 standard is a "permissive" one that "is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Williams v. Citgroup, Inc.,* 659 F.3d 208, 212-13 (2d Cir. 2011); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied on by a Plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") Thus, as the Supreme Court has instructed, "[i]n

3

the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require be freely given." *Foman v. Davis,* 371 U.S. at 182. *See also Friedl v. City of New York,* 210 F.3d 79, 87 (2d Cir. 2000) ("district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or the futility"). Moreover, "the party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile." *Xerox Corp. v. Lantronix, Inc.,* 342 F. Supp.2d 362, 370 (W.D.N.Y. 2018) (internal citations and quotations omitted). Plaintiff respectfully submits that none of the reasons to deny amendment are present here.

1. There is no undue delay. The case is in the early stages. Defendants have not yet filed any responsive pleading. No discovery has been exchanged or sought. Neither party has exchanged Rule 26 disclosures. Plaintiff seeks the amendment to help move the case along by alleging very detailed facts.

2. There is no bad faith or dilatory motive by Plaintiff. As already noted, Plaintiff took seriously the defects alleged by Defendant Ellemark in its March 13, 2024 letter. The Second Amended Complaint is detailed, providing facts, dates and circumstances.

3. There is no repeated failure to cure deficiencies by amendments previously allowed. Plaintiff amended its initial complaint once as of right to correct a few items in the initial pleading. The Second Amended Complaint provides detailed allegations and fleshes out more fully Plaintiff's claims.

4. There is no prejudice to Defendants. The case is at its very early stages so that

permitting the amendment will not cause delay. The proposed Second Amended Complaint does not add new parties. The gravamen of the case has not changed. Defendants have not filed a responsive pleading. No discovery has been taken or exchanged. In fact, the amount of detail alleged should help Defendants address the allegations more efficiently.

5.  The Amendment is not futile. The Court need not grant a motion to amend where the proposed amendment would be futile. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F. 3d 11,18 (2d Cir. 1997). "Futility" means that the complaint, as amended, fails to state a claim upon which relief could be granted. Plaintiff respectfully submits that permitting the amendment sought here is not futile and that the claims in the SAC survive a motion to dismiss. The amendment at this stage will not cause Defendants to expend additional significant resources in discovery or trial preparation. As noted, it is Defendants' burden to demonstrate futility.

## Conclusion

Plaintiff has prepared its proposed Second Amended Complaint to make the pleading more detailed and particular. Rule 15 of the Federal Rules of Civil Procedure instructs that leave to amend should be freely given. There is no impediment here to permitting amendment. Plaintiff respectfully requests leave to amend its First Amended Compliant and for the Court to accept the Second Amended Complaint as the operative pleading.

**OFFIT KURMAN, P.A.**
Attorneys for Plaintiff

Date: May 29, 2024        By:    */s/Barry S. Crane, Esq.*
                                 Barry S. Crane, Esq.
                                 **Offit Kurman, P.A.**
                                 590 Madison Avenue, 6th Floor
                                 New York, NY 10022
                                 T: 973-245-9904
                                 Email: Barry.Crane@Offitkurman.com