UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELY EDDI,<br><br>　　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>ELLIOT ANTEBI, et al.,<br><br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 24-CV-0520 (JPC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

　　　　Plaintiff Ely Eddi filed this action against Elliot Antebi ("Mr. Antebi"), Rachel Antebi ("Mrs. Antebi," and together with Mr. Antebi, the "Individual Defendants"), and Ellemark Management, LLC ("Ellemark," and together with the Individual Defendants, the "Defendants"), alleging a variety of claims arising out of the parties' business dealings. Pending before the Court is Defendants' motion to dismiss the second amended complaint ("SAC"), which asserts claims of breach of fiduciary duties against Mr. Antebi and Ellemark; breach of contract against the Individual Defendants; promissory estoppel (in the alternative to breach of contract) against the Individual Defendants; misappropriation against Mr. Antebi and Ellemark; and unjust enrichment against Defendants. (*See* ECF 100, Mot. To Dismiss (the "Motion").) Defendants argue, among other positions, that the case should be dismissed because venue does not properly lie in this Court but instead lies in the Eastern District of New York. (*See* ECF 102, Defs.' MTD Mem. at 13-15; ECF 103, Defs.' Decl. ¶¶ 1-3.)

　　　　Defendants argue that the Individual Defendants reside in the Eastern District of New York and Ellemark, which they say is defunct, never maintained a real presence here and had only a mailing address in the District. (*See* ECF 102, Defs.' MTD Mem. at 13-15; ECF 103, Defs.'

Decl. ¶¶ 1-3.) And Defendants point to case law saying that the existence of a mailing address in a district is insufficient to support a conclusion that an entity's principal place of business was in the district. (ECF 102, Defs.' MTD Mem. at 14 (citing *FAB Habitat Corp. v. Houselights, LLC*, No. 22-CV-2986 (ALC), 2023 WL 6385977, at *5-6 (S.D.N.Y. Sept. 29, 2023)).)

Plaintiff responds that the Court concluded in the order granting leave to amend that "venue in this District is proper pursuant to 28 U.S.C. § 1391 because all Defendants reside in New York." (ECF 107, Pl.'s MTD Opp. at 10 (quoting ECF 96, Order at 21).)[1] Plaintiff's assertion does not accurately describe the order granting leave to amend, which stated that "Defendants' argument challenges the truth of Plaintiff's allegation [that Ellemark's principal place of business is located within this District], but to evaluate the futility of the Proposed SAC, the Court accepts as true Plaintiff's allegation." (ECF 96, Order at 21.) The analysis is different on a motion to dismiss for improper venue, when courts may rely on materials outside the complaint. *See GE Renewables N. Am., LLC v. SFK USA Inc.*, No. 23-CV-9274 (PKC), 2025 WL 437890, at *2 (S.D.N.Y. Feb. 7, 2025).

Because Defendants' affidavit contradicts the allegation in the SAC that Ellemark's principal place of business was in this District, unless Plaintiff comes forward with specific information demonstrating otherwise, it is unlikely that I could conclude that Ellemark's principal place of business is in this District. *See Matchroom Boxing Ltd. v. Paul*, No. 22-CV-8178 (PGG), 2024 WL 4363700, at *5 (S.D.N.Y. Sept. 30, 2024) (explaining that the Court "must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits"); *see*

---

[1]   Unless otherwise indicated, this order omits internal quotation marks, alterations, and citations in quoted text.

*also Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 520 (S.D.N.Y. 2024) (explaining that, when a factual allegation is challenged, "[t]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff").

Plaintiff also contends that venue is proper in this District because "Ellemark acted as the managing agent for several properties located in this District and had a mailing address in this District," adding that "Defendants do not dispute that Ellemark was actively managing properties located in Manhattan and do not even claim that it had any role with regard to any properties located anywhere else or did anything else." (ECF 107, Pl.'s MTD Opp. at 10-11.) I interpret this argument as addressing venue under Section 1391(b)(2), which provides that venue lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

It is true that in the order granting the motion to amend, I noted that "[v]enue would not be proper in this District pursuant to Section 1391(b)(2) on the theory that a substantial part of property at issue in the case is located in this District" and that "[f]or venue to be proper here on that basis under that subsection, the property located in the District would have to be the subject of Plaintiff's claims." (ECF 96, Order at 22 n.3.) However, that observation does not preclude the possibility that venue would be proper in this District if "a substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. § 1391(b)(2). Defendants insist that "Ellemark's business activities were conducted almost exclusively from Brooklyn, New York" and that Ellemark "did not conduct any substantial business operations from [Manhattan]." (ECF 103, Defs.' Decl. ¶ 3.) While this assertion suggests that "a substantial part

of the events or omissions giving rise to the claim" did not occur in the District, the statement does not clearly address the question whether a substantial portion of the events or omissions giving rise to Plaintiff's claims against Ellemark took place in the District.

Of course, even if venue does not lie in this District, the Court has discretion to transfer venue – on motion or consent of the parties or sua sponte "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a); *Blum v. Salomon*, No. 06-CV-3149 (WHP), 2006 WL 3851157, at *3 (S.D.N.Y. Dec. 28, 2006).

## CONCLUSION

For the reasons set forth above, by **September 8, 2025**, Plaintiff is ORDERED to file a letter on the docket either: (1) explaining whether he takes the position that a substantial portion of the events underlying his claims against Ellemark took place in this District, and if so, identifying those events with specificity; (2) seeking jurisdictional discovery; or (3) indicating that he will consent to a transfer to the Eastern District of New York. Based on Plaintiff's response, I will issue an order directing what if any filings are required by Defendant.

DATED:  August 29, 2025
       New York, NY

SO ORDERED,

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

4