Philippe Zimmerman, Partner
1345 Avenue of the Americas, Suite 2200
New York, NY 10105
Phone: 212.524.5000
Fax: 212.524.5050
Email: philippe.zimmerman@gmlaw.com

**GreenspoonMarder** LLP

December 18, 2025

**VIA ECF**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Ely Eddi v. Elliot Antebi, et al.*, **Civil Action No. 1:24-cv-00520-JPC-RFT**

Dear Honorable Judge Tarnofsky:

  We are counsel for Plaintiff Ely Eddi in the above-referenced action. We write to respectfully request a discovery conference with the Court regarding the form of the document production made by defendants Elliot Antebi ("**Elliot**"), Rachel Antebi f/k/a Sutton ("**Rachel**," and with Elliot, the "**Individual Defendants**"), and Ellemark Management LLC ("**Ellemark**," and with the Individual Defendants, the "**Defendants**") on December 1, 2025, pursuant to the Court's Order of November 24, 2025 (the "**Order**," ECF No. 134).

  While Defendants made their document production by the Court-Ordered deadline, including designating the production of the Individual Defendants' tax returns as "Attorneys' Eyes Only" in a cover email to Plaintiff's counsel, Defendants failed to Bates-stamp or otherwise mark the thousands of pages of documents themselves, as is standard practice in this District. Plaintiff attempted to address this error, including requesting that Defendants reproduce the documents Bates-stamped and marked accordingly and reminding Defendants that (i) they had previously produced Bates-stamped documents in the course of jurisdiction and venue-related discovery and (ii) doing so would be consistent with the protective order issued by the Court, which requires marking each page of each document designated as "Confidential" (the "**Protective Order**," ECF No. 135, at ¶1). Nevertheless, on December 12, 2025, Defendants' counsel responded that they had sufficiently complied with Fed. R. Civ. P. Rule 34 and would not do so. Defendants' counsel did not reply to further correspondence from Plaintiff's counsel. A copy of Plaintiff's counsel's further correspondence concerning the matter is attached hereto for reference.

  Plaintiff maintains that Bates stamps and marking each page of each document that Defendants would like to maintain as "Attorneys' Eyes Only" is critical. As the Protective Order requires each page of each document designated by a party as "Confidential" to be marked accordingly, it follows that each page of each document designated "Attorneys' Eyes Only" should also be marked. By Bates-stamping and properly marking the documents in their respective

Honorable Robyn F. Tarnofsky, U.S.M.J.
December 18, 2025
Page 2

document productions, the parties may avoid the inadvertent disclosure of a document to an unauthorized party and provide a means of confirming what documents have been produced and by whom.

Accordingly, Plaintiff respectfully requests the Court hold a discovery conference to discuss Defendants' refusal to Bates-stamp certain documents that have been produced and to mark each page of documents being designated "Attorney's Eyes Only."

Respectfully submitted,

**GREENSPOON MARDER LLP**

Philippe Zimmerman

Enc.

cc:    All Counsel of Record (via ECF)

| | |
|---|---|
| **From:** | Philippe Zimmerman |
| **Sent:** | Monday, December 15, 2025 10:52 AM |
| **To:** | Kelly Zvi Toledano; Mel DeCandia |
| **Cc:** | D Medinets; {F17003880}.Active@gmlaw.imanage.work |
| **Subject:** | RE: Confidential- Attorneys' Eyes Only: Eddi v Antebi, Per Discovery Order [IMAN-ACTIVE.FID17003880] |

Kelly,

It is long-standing practice in the SDNY for a party that produces documents to Bates stamp the documents to avoid confusion as to the source of a document and to avoid any dispute as to whether a document was produced.

Similarly, as provided for in the Protective Order issued by the Court, it is the general practice in the SDNY to mark each page of each document that is being designated "Confidential" as "Confidential." This marking is intended to, among other things, avoid inadvertent disclosure of a document to an unauthorized party. The logic for marking every page of the presumably even more sensitive documents being designated "Attorneys' Eyes Only" is even stronger.

Unless we receive confirmation that you will be re-producing Bates stamped copies of the previously produced documents and re-producing the tax returns Bates stamped and marked "Attorneys' Eyes Only", we will be reaching out to the Court next week to request a conference to address these matters. We note that you have Bates stamped some of the documents that you have produced in this case.

Regardless, pending any re-production of the tax returns, we will continue to limit access to the tax returns as produced to only attorneys and experts.

Best,

Philippe

# GreenspoonMarder LLP

Philippe Zimmerman
Greenspoon Marder LLP
Partner
1345 Avenue of the Americas, Suite 2200
New York, NY 10105
Direct Phone Number: 212.524.5064
Cell Number: 201.407.6944
Office Phone Number: 212.524.5000
Philippe.Zimmerman@gmlaw.com

[Philippe A. Zimmerman - Greenspoon Marder LLP (gmlaw.com)](#)
www.gmlaw.com



---

**From:** Kelly Zvi Toledano <kt@gwpclaw.com>
**Sent:** Friday, December 12, 2025 1:10 PM
**To:** Mel DeCandia <Mel.DeCandia@gmlaw.com>
**Cc:** D Medinets <DM@gwpclaw.com>; Philippe Zimmerman <Philippe.Zimmerman@gmlaw.com>; {F17003880}.Active@gmlaw.imanage.work
**Subject:** Re: Confidential- Attorneys' Eyes Only: Eddi v Antebi, Per Discovery Order [IMAN-ACTIVE.FID17003880]

---

[External Sender]

Mel,

Your email is surprising because the specific tax documents you refer to were designated "Confidential - Attorneys' Eyes Only" by Judge Tarnofsky herself.  *See* ECF 134 (expressly directing that the individual Defendants' tax returns "shall be produced on an attorneys' and experts' eyes only basis").  That restriction stems directly from the Court's Order and is not conditioned on any particular stamping convention, nor is it subject to unilateral waiver.  In addition, our transmittal email expressly designated the returns as "Attorneys' Eyes Only."  Accordingly, there is no basis for your suggestion that the  "Attorneys' Eyes Only" designation on the tax returns may be "deemed waived," and those documents must be treated as Attorneys' and Experts' Eyes Only per the Judge's express order.

For the avoidance of doubt, the Court's order strictly prohibits disclosure of the tax returns or their contents to Mr. Eddi or to any other non-authorized person. Any such disclosure will constitute a violation of the Court's Order, and we will seek all appropriate relief, including sanctions, contempt, and any further measures the Court deems just and proper.

With respect to your request that defendants reproduce all documents with Bates numbers, neither the Federal Rules of Civil Procedure nor the SDNY Local Civil Rules impose any general obligation to Bates-stamp discovery. Our production complies with Rule 34: we produced documents in an organized, searchable, and reasonably usable form; therefore, a burdensome reproduction solely to add Bates numbers is neither necessary nor required.

Please confirm that you will continue to treat the tax returns strictly in accordance with the Judge's explicit order.

Best regards,

## Kelly Zvi Toledano

Attorney
Gutman Weiss, P.C.
2276 Sixty-Fifth Street, 2nd Floor
Brooklyn, N.Y. 11204

2

718.259.2100 ext. 32
718.259.2105 (fax)

kt@gwpclaw.com

**INTERNET CONFIDENTIALITY NOTICE:**
**This transmission is intended only for the use of its indicated recipients and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this transmission is not an intended recipient, you are hereby notified that any dissemination, distribution or copying of the transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone (collect call if long distance) and/or by e-mail, delete the transmission from your system and destroy any printed copies which you may have made of the transmission.**

Notice:  To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

 Please consider the environment before printing this e-mail.

On Thu, Dec 11, 2025 at 1:45 PM Mel DeCandia <Mel.DeCandia@gmlaw.com> wrote:

> Counsel,
>
> We are in receipt of your document production. We note that the tax return documents themselves are not stamped or otherwise marked "Confidential - Attorneys' Eyes Only," pursuant to the Protective Order entered on November 24, 2025. Please reproduce these documents marked accordingly, or the designation may be deemed waived.
>
> Additionally, **no** documents in the defendants' document production are not Bates-stamped. Please reproduce the document production to us appropriately Bates-stamped.
>
> Thank you,
>
> GreenspoonMarder LLP
>
> Mel DeCandia (she/her)
>
> Greenspoon Marder LLP

3

Associate

1345 Avenue of the Americas, Suite 2200

New York, NY 10105

Direct Phone Number: 212-524-5047

Office Phone Number: 212-524-5000

mel.decandia@gmlaw.com

www.gmlaw.com

[facebook.com] [linkedin.com] [twitter.com]

---

**From:** Kelly Zvi Toledano <kt@gwpclaw.com>
**Sent:** Monday, December 1, 2025 10:48 PM
**To:** Philippe Zimmerman <Philippe.Zimmerman@gmlaw.com>; Mel DeCandia <Mel.DeCandia@gmlaw.com>
**Cc:** D Medinets <DM@gwpclaw.com>
**Subject:** Confidential- Attorneys' Eyes Only: Eddi v Antebi, Per Discovery Order

Counsel:

Attached please find the personal tax returns of Mr. and Mrs. Antebi, produced pursuant to the Court's recent order. To the extent necessary under the terms of the Court's Protective Order, we hereby expressly designate these materials as "Attorneys' Eyes Only."

As you are aware, the Court directed that these documents are to remain strictly confidential and may be reviewed only by litigation counsel, and not by the parties themselves or any other individual. We expect you to scrupulously adhere to both the Protective Order and the Court's directive.

For the avoidance of doubt: any disclosure of these materials to the plaintiff or any other unauthorized person, or any publication or dissemination of their contents, will constitute a violation of the Court's order. In such an event, we will immediately seek all appropriate relief, including but not limited to sanctions, contempt, and any further measures the Court deems just and proper.

Please confirm receipt.

Thank you,

**Kelly Zvi Toledano**

Attorney
Gutman Weiss, P.C.
2276 Sixty-Fifth Street, 2nd Floor
Brooklyn, N.Y. 11204

**718.259.2100** ext. 32
**718.259.2105** (fax)

kt@gwpclaw.com

**INTERNET CONFIDENTIALITY NOTICE:**
**This transmission is intended only for the use of its indicated recipients and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this transmission is not an intended recipient, you are hereby notified that any dissemination, distribution or copying of the transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone (collect call if long distance) and/or by e-mail, delete the transmission from your system and destroy any printed copies which you may have made of the transmission.**

**Notice:  To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.**

 Please consider the environment before printing this e-mail.

GREENSPOON MARDER LLP LEGAL NOTICE
The information contained in this transmission may be attorney/client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail.

Unless specifically indicated otherwise, any discussion of tax issues contained in this e-mail, including any attachments, is not, and is not intended to be, "written advice" as defined in Section 10.37 of Treasury Department Circular 230.

A portion of our practice involves the collection of debt and any information you provide will be used for that purpose if we are attempting to collect a debt from you.