GreenspoonMarder<sub>LLP</sub>

Philippe Zimmerman, Partner
1345 Avenue of the Americas, Suite 2200
New York, NY 10105
Phone: 212.524.5000
Fax: 212.524.5050
Email: philippe.zimmerman@gmlaw.com

February 5, 2026

**VIA ECF**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    ***Ely Eddi v. Elliot Antebi, et al.*, Civil Action No. 1:24-cv-00520-JPC-RFT**

Dear Honorable Judge Tarnofsky:

We are counsel for Plaintiff, Ely Eddi ("**Plaintiff**" or "**Eddi**"), in the above-referenced action. We write to respectfully oppose the requests by defendants Elliot Antebi ("**Elliot**"), Rachel Antebi f/k/a Sutton ("**Rachel**," and with Elliot, the "**Individual Defendants**"), and Ellemark Management LLC ("**Ellemark**," and with the Individual Defendants, the" **Defendants**") in their counsel's letters of February 3, 2026 (ECF 159) and February 4, 2026 (ECF 162) for an order staying and then quashing or narrowing Plaintiff's subpoena (the "**Subpoena**") to non-party Morgan Stanley Private Bank, National Association ("**Morgan Stanley**"). A copy of the Subpoena is attached to Defendants' counsel's letter, dated February 3, 2026 (ECF 159).

Defendants' objections to the Subpoena are an improper effort to curtail the scope of discovery, and their subsequent request for this Court to enter an interim order directing Morgan Stanley, which has not opposed the Subpoena, to not respond to the Subpoena pending a discovery conference has been mooted by the Court rescheduling the conference to address Defendants' letters to February 10, 2026.

By their first letter, Defendants contend in substantial part that the Subpoena is overbroad because Plaintiff's demand for information related to certain individuals and entities "in connection with the Miami Property and the Brooklyn Property" (as defined below) is unlimited because a bank that receives such a request is evidently incapable of making a judgment as to what documents should be produced related to the individuals related to specific properties. As a lawyer that has spent decades working with banks, indeed often representing banks, Defendants' counsel's statement that banks do not know how to apply limitations as to scope in subpoenas is simply inaccurate.

Pursuant to Federal Rules of Civil Procedure Rule 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

Honorable Robyn F. Tarnofsky, U.S.M.J.
February 5, 2026
Page 2

to the needs of the case, considering factors including (i) the importance of the issues at stake, (ii) the amount in controversy, (iii) the parties' relative access to relevant information, (iv) the parties' resources, (v) the importance of the discovery in resolving the issues, and (vii) whether the burden or expense outweighs its likely benefit. Fed. R. Civ. P. Rule 26(b)(1).

The documents and communications requested in the Subpoena are directly relevant to Plaintiff's claims against the Defendants – namely, Plaintiff's claims for breach of contract (Count X), promissory estoppel (Count XI), and unjust enrichment (Count XII) as related to the Individual Defendants' failure to repay the loan Plaintiff made to help fund the purchase of a property in Brooklyn, New York (the "**Brooklyn Property**"),[1] repayment of which was to be made from the sales of a property located in Miami, Florida (the "**Miami Property**") – and meet the proportionality requirements that govern discovery thereof. The Subpoena only includes six document requests, all of which are limited to financial documents in connection with the Miami Property and the Brooklyn Property, properties in which Plaintiff alleges an ownership interest. Indeed, Plaintiff seeks documents concerning the non-party entities Pinetree 17 LLC and Seventeen Truck LLC based upon documents produced in this action showing that Pinetree 17 LLC is owner of the Miami Property and Seventeen Truck LLC is the owner of the Brooklyn Property. The relevant time period is the same as for all other discovery requests propounded in this action.

Plaintiff's Subpoena to Morgan Stanley is not an attempt to litigate a separate state court dispute or evade Court-ordered confidentiality designations for documents produced in this action. It is simply a means to obtain documents that are material and necessary to the prosecution of this action. Despite Defendants' contention that "Plaintiff's prior conduct confirms why robust protection is necessary," it is actually Defendants' failure to fulfill their discovery obligations that has made the Subpoena necessary. For instance, Defendants have repeatedly failed to respond to Plaintiff's requests for documents related to (i) public records showing that Elliot that affirmed he was the "sole member" of one of the LLCs that is a subject of this action and (ii) an apparent recent sale of or mortgage against a property owned by that LLC. As to confidentiality designations, we have no objection to treating all documents produced by Morgan Stanley as if they have been designated "Confidential – Attorneys' Eyes Only" for two weeks after they are provided to Defendants to permit Defendants' counsel to designate the documents, *if appropriate*, as "Confidential" or "Confidential – Attorneys' Eyes Only."

Defendants' suggestion that Plaintiff has acted improperly by distributing "litigation materials" and publicly commenting on Defendants' alleged conduct is meritless. Defendants identify no authority suggesting the Plaintiff is not entitled to circulate the Complaint in this action and to make people in the "close-knit community that Defendants are part of" aware of Defendants' alleged conduct. As such, their request that anything produced by Morgan Stanley

---

[1] That a single cause of action in a multi-count New York state action seeking a declaratory judgment related to ownership of and imposition of a constructive trust in the Brooklyn Property based on an investment that is not the subject of this action was dismissed does not have any relevance as to scope of discovery in this action. And, so as to avoid any confusion, we note that the Kings County Supreme Court's decision is going to be appealed.

Honorable Robyn F. Tarnofsky, U.S.M.J.
February 5, 2026
Page 3

be designated as "Confidential - Attorneys' Eyes Only" is unwarranted.  As noted, Plaintiff is not opposed to Defendants having an opportunity to review material that is produced by Morgan Stanley to designate documents appropriately.  A uniform designation of such material without consideration of the documents themselves is wholly inappropriate and inconsistent with the confidentiality order entered by this Court.

Finally, Plaintiff disputes Defendants' representation that they conferred in good faith prior to making their application. On February 3, 2025, Defendants' counsel hosted a conference call that lasted only five minutes during which they stated their view that the Subpoena was improper and had been served for an improper purpose.  They then demanded that Plaintiff agree to withdraw or amend the Subpoena without discussion of any specific objections or any proposed or suggested revisions or limitations.  The call ended when we rejected the demand.  Following that call, we sent an email to Defendants' counsel expressing our view that no meaningful "meet and confer" had occurred.  Defendants' counsel then offered to "meet and confer" tomorrow, February 6, 2026. We have proposed a time to "meet and confer."  While not optimistic that the parties can resolve all of the issues raised, we hope that the scope of issues being presented to the Court can be narrowed during such a call.  Indeed, as proposed in this letter, Plaintiff has no objection to Defendants having an opportunity to review and, in good faith, timely designate material produced by Morgan Stanley as "Confidential" or "Confidential - Attorneys' Eyes Only."

Accordingly, Plaintiff respectfully request that the Court deny Defendants' requests to stay the Subpoena  served on non-party Morgan Stanley and then quash or narrow its scope.

Respectfully submitted,

**GREENSPOON MARDER LLP**

Philippe Zimmerman

cc:    All Counsel of Record (via ECF)