UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ELY EDDI,<br><br>                    Plaintiff,<br><br>      -against-<br><br>ELLIOT ANTEBI, et al.,<br><br>                Defendants. | 24-CV-0520 (JPC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the status conference on April 10, 2026:

1.      The parties shall file letters on the docket by **April 24, 2026** indicating whether Plaintiff has agreed to voluntarily transfer this matter to the EDNY; whether Defendants have agreed to withdraw their challenge to venue in this District; or whether the hearing on venue shall proceed.

2.      If the hearing on venue is to proceed, it shall be held on **May 27, 2026**, continuing on **May 28, 2026** if necessary:

      **a.**      All direct testimony shall be presented by affidavit, except for testimony by a person whose attendance must be compelled by subpoena. Any request for the Court to hear direct testimony of a witness who otherwise would be required to provide direct testimony by affidavit shall be filed by **May 4, 2026.**

      b.      By **May 14, 2026**, the parties shall submit on the docket a joint proposed order containing the following information: (i) a list of all witnesses, indicating whether such witnesses will testify in person, by video, or by deposition, and a brief summary of the substance of each witness's anticipated testimony. Absent leave of Court, a witness listed by both sides shall testify only once, and parties will be permitted to go beyond

the scope of the direct examination on cross examination of such a witness. Counsel should confer with respect to scheduling; (ii) a designation by each party of deposition testimony to be offered by the party, with any cross-designations and objections by any other party. For any deposition with objections, the parties shall also provide the full transcript of that deposition, unless otherwise ordered by the Court; and (iii). a list by each party of exhibits to be offered by the party. If a party objects to an exhibit, the objection should be noted by indicating the Federal Rule of Evidence that is the basis for the objection. If any party believes that the Court should rule on such an objection in advance of the hearing, that party should include a notation to that effect (e.g., "Advance Ruling Requested") as well.

c.      By **May 21, 2026**, the parties shall submit on the docket (i) affidavits—the originals of which shall be marked as exhibits at the hearing— constituting the direct testimony of each witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, a person for whom a party has requested and from whom the Court has agreed to hear direct testimony during the hearing, and witnesses whose testimony will be provided by deposition; and (ii) all deposition excerpts that will be offered as evidence.

d.      All exhibits must be pre-marked in advance of the hearing. By **May 21, 2026**, each party shall submit to Chambers a flash drive containing electronic copies of all documentary exhibits organized by exhibit number and a document listing all exhibits sought to be admitted. The list of all exhibits sought to be admitted shall be separated

2

into three columns labeled: (a) Exhibit Number; (b) Description of the exhibit; and (c) Admitted/Not Admitted.

e.      Within 14 days of the conclusion of the evidentiary hearing, each party shall submit on the docket proposed findings of fact and conclusions of law—a copy of which shall be e-mailed to Chambers in .pdf version— which, for each proposed factual finding, shall include citations to the record.

Dated:  April 10, 2026                                       SO ORDERED.
        New York, NY

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**